IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE PATTERSON,<br><br>                  Petitioner,<br><br>    vs.<br><br>WILLIAM LAPINSKAS, Superintendent,<br>Spring Creek Correctional Center,<br><br>                  Respondent. | No. 3:20-cv-00007-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 13] |

      Tommie Patterson, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket No. 1 ("Petition"). He concurrently filed a motion requesting the appointment of counsel. Docket No. 3. Noting that there is no constitutional right to counsel in federal habeas proceedings, *see Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)), the Court denied the motion and stated it would not reconsider the request until it had an opportunity to thoroughly review Respondent's answer, *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Respondent answered the Petition and moved to dismiss it on timeliness grounds at Docket No. 9. At Docket No. 13, Patterson renews his request for counsel.

Because Respondent's answer is limited to the issue of timeliness, the Court again determines that the appointment of counsel is not warranted in this case. The sole issue before this Court is whether Patterson timely filed his Petition, and if not, whether he is entitled to equitable tolling. Because Patterson himself is in the best position to address that issue, the interests of justice do not require that Patterson receive the assistance of counsel at this juncture.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), there is a one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under the statute, "[t]his one-year limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Mardesich v. Cate*, 668 F.3d 1164, 1169 (9th Cir. 2012). The Supreme Court explains that "[t]he time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original) (citation omitted); *id.* at 192 ("If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit."); *but see Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (the statute of

limitations is not tolled, however, while an unexhausted petition under § 2254 is pending in federal court) (citing *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005)).

Thus, if Patterson has been timely and properly challenging his conviction in the state courts, the statute of limitations is tolled during any state proceedings. In support of his motion to dismiss, Respondent provides records of the Alaska state courts that reflect that the Alaska Supreme Court denied Patterson's petition for hearing on August 24, 2011. Docket Nos. 9 at 22, 8-6 at 45. As Respondent notes in its answer, Patterson's conviction became final on direct review 90 days later, when the time to file a petition for *certiorari* in the U.S. Supreme Court expired on November 22, 2011. *See Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). The one-year AEDPA statute of limitations therefore began to run on November 22, 2011. 28 U.S.C. § 2244(d)(1)(A).

When Patterson filed his post-conviction relief application in Alaska Superior Court on May 25, 2012, 185 days of the one-year statute of limitations had run. Because Patterson's post-conviction relief application was properly filed, the AEDPA statute of limitations was tolled from May 25, 2012, until February 15, 2019, when the Alaska Supreme Court denied his petition for hearing on his post-conviction relief application, Docket No. 8-9 at 31. The statute of limitations began to run again, however, after the Supreme Court's denial on February 15, 2019. At that time, Patterson had 180 days left to file his federal habeas petition under the AEDPA, since 185 untolled days of the 365-day period had already elapsed before he filed his state post-conviction relief action. Patterson thus had until August 14, 2019, to timely file the instant action. Patterson did not file the instant Petition until January 2, 2020. Docket No. 1. It therefore appears that Patterson's Petition is facially untimely.

1. Actual innocence may overcome the statute of limitations.

The Supreme Court has held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2012) (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v.*

*Bell*, 547 U.S. 518 (1995)). This is because the Supreme Court has "held that the miscarriage of justice exception applies to state procedural rules, including filing deadlines." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). But a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329) (internal citation marks omitted). This "standard is 'demanding' and seldom met." *Id.* (quoting *House*, 547 U.S. at 538) (And "in making an assessment . . . 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schulp*, 513 U.S. at 332)).

  2. Equitable tolling applies to the federal habeas statute of limitations.

Tolling means that the statute of limitations may not run for a period of time. *See* BLACK'S LAW DICTIONARY (10th ed. 2014). In *Holland v. Florida*, the Supreme Court held "that § 2244(d) is subject to equitable tolling in appropriate cases." 560 U.S. 631, 645 (2010) (citations omitted). But equitable tolling is permitted only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 639 (citation omitted).

    a. <u>A petitioner must exercise reasonable diligence.</u>

The Supreme Court held in *Holland* that a petitioner must exercise "reasonable diligence" in pursuing his available remedies. *Id.* at 653; *see also Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (quoting *Holland*, 560 U.S. at 653) (further internal quotation marks omitted); *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011) ("The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief.") (citation omitted). The Ninth Circuit has explained that, "[t]o determine if a petitioner has been diligent in pursuing his petition, courts consider the

-4-

petitioner's overall level of care and caution in light of his or her particular circumstances." *Busby*, 661 F.3d at 1013 (citation omitted).

The Supreme Court found in *Holland* that a petitioner's repeated attempts to contact his attorney or have him removed from the case showed a diligent effort to avoid the running of the statute of limitations. The Court noted that "the very day that [the petitioner] discovered that his AEDPA clock had expired due to [his attorney's] failings, [the petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court." *Holland*, 560 U.S. at 653.

Patterson is cautioned that "[i]n addition to the specific efforts [petitioners] allege that they made to pursue their claims, [courts] also consider it important that [petitioners] pursued their claims within a reasonable period of time *before* [an] external impediment . . . came into existence." *Roy v. Lampert*, 465 F.3d 964, 972 (9th Cir. 2006) (citation omitted) (emphasis in original); *see also Rudin v. Myles*, 781 F.3d 1043, 1056 (9th Cir. 2014) Patterson must show that he exercised such due diligence in pursuing his remedies.

b. <u>Extraordinary circumstances must have prevented a timely filing.</u>

The Ninth Circuit has explained as follows:

> The "general rule" is that "equitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing." *Bills [v. Clark]*, 628 F.3d [1092,] 1097 [(9th Cir. 2010)]. "Under our cases, equitable tolling is available for this reason only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Id.* (quoting *Spitsyn [v. Moore]*, 345 F.3d [796,] 799 [(9th Cir. 2003)] (internal quotation marks omitted).

*Ford v. Gonzalez*, 683 F.3d at 1237 (emphasis in original).

The Ninth Circuit has also explained that "[g]rounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Although "[e]quitable tolling may be warranted in instances of unprofessional attorney behavior . . . the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d at 1011-12; *see also Frye v. Hickman*, 273 F.3d 1144, 1145 (9th Cir.

-5-

2001), cert. denied, 122 S. Ct 1913 (2002) (A "miscalculation of the limitations period by . . . counsel and [counsel's] negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.") (citations omitted); *but see Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) ("[W]e hold that extraordinary circumstances beyond Stillman's control existed when the prison litigation coordinator promised Stillman's lawyer to obtain Stillman's signature in time for filing, but then broke his promise, causing the filing to be late."). An attorney's negligence must be "sufficiently egregious" to rise to the level of an extraordinary circumstance. *See Spitsyn*, 345 F.3d at 800 ("[T]here are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate[.]") (quotation omitted); *see also Busby*, 661 F.3d at 1012 ("[T]he services rendered by Doe's former counsel were utterly deficient and unprofessional and thus constituted an extraordinary circumstance preventing the timely filing of this Petition.").

And although a petitioner "may be entitled to equitable tolling during the period he was without his legal materials if the deprivation of his legal materials made it impossible for him to file a timely § 2254 petition in federal court[,]" petitioners are generally deemed to be able to file such petitions themselves, and courts provide forms to assist them in doing so. *See, e.g.*, *Roy*, 465 F.3d at 970 ("[P]ro se status, on its own, is not enough to warrant equitable tolling."); *see also* http://akd.uscourts.gov/sites/akd/files/forms/AO2254.pdf (this Court's habeas form for state prisoners); http://courts.alaska.gov/forms/civ-760.pdf (Alaska Court System post-conviction relief form).

    3.    Show Cause

In his reply to Respondent's motion to dismiss, Patterson must show that his § 2254 petition has been timely filed within the one-year statute of limitations. If not, Patterson must explain whether he: 1) has been pursuing his rights diligently, *and* 2) has had some extraordinary circumstance(s) that stood in his way and prevented timely filing, and he must state the time period during which those circumstances prevented him from filing his habeas petition.

Otherwise, Respondent's motion at Docket No. 9 will be granted, and the Petition will be dismissed. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**IT IS THEREFORE ORDERED:**

1. The motion at Docket No. 13 for appointment of counsel pursuant to 18 U.S.C. § 3006A is **DENIED WITHOUT PREJUDICE.** The Court will reconsider the request only in the event the Petition is deemed timely, and the matter proceeds to consideration of its merits.

2. In his reply to Respondent's motion to dismiss, Patterson shall address the timeliness of his Petition, as discussed in this Order. In light of the COVID-19 pandemic, the Court will further extend the deadline for Patterson's reply to **June 29, 2020.**

Dated at Anchorage, Alaska this 23th day of April, 2020.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
